IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK07-42271-TLS |
| | ) | |
| GARY M. BURIVAL and | ) | CH. 11 |
| JOYCE BURIVAL, | ) | |
| | ) | |
| Debtors. | ) | |
| IN THE MATTER OF: | ) | CASE NO. BK07-42273-TLS |
| | ) | |
| RICHARD BURIVAL and | ) | CH. 11 |
| PHILLIP BURIVAL, | ) | |
| | ) | |
| Debtors. | ) | JOINTLY ADMINISTERED |

**ORDER**

Hearing was held in Lincoln, Nebraska, on April 9, 2008, on the Second Emergency Motion to Assume Lease or Executory Contract filed by Debtors (Fil. #378), and Objections thereto filed by creditor O'Neill Fertilizer, Inc. (Fil. #383), creditor James R. Maly (Fil. #412), and creditor Galyen Petroleum Co. (Fil. #413). Appearing on behalf of the following parties were:

| | | |
|---|---|---|
| William L. Needler | - | Jointly Administered Debtors |
| John M. Guthery | - | Unsecured Creditors Committee |
| Richard P. Garden | - | O'Neill Fertilizer, Inc. |
| Wayne E. Griffin | - | James R. Maly |
| Jeffrey P. Galyen | - | Galyen Petroleum Co. |
| Barry D. Geweke | - | Patricia A. Thompson |
| James Widtfeldt | - | Pro se creditor |
| Tim W. Thompson | - | First Dakota National Bank |
| Daniel A. Fullner | - | Troy Judge |
| Howard T. Duncan | - | Thomas J. Welsh |
| Gary M. Burival | | |
| Joyce Burival | | |

The jointly administered Debtors seek to assume 12 real estate leases. For the reasons discussed below, the motion is denied.

*Background*

11 U.S.C. § 365(d)(4) provides as follows:

(4)(A) Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the

> trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of –
> (i) the date that is 120 days after the date of the order for relief; or
> (ii) the date of the entry of an order confirming a plan.
> (B)  (i)  The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.
> (ii) If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.

Debtors filed this bankruptcy on November 29, 2007. The 120th day following that date was March 28, 2008.

On March 4, 2008, Debtors filed their first Emergency Motion to Assume Lease or Executory Contract (Fil. #182). At the hearing on March 19, 2008, Debtors acknowledged the need to amend the motion to reject additional leases. At that hearing, this Court specifically granted the rejection of certain specified leases and denied the balance of the motion without prejudice to filing an amended motion (*see* Order at Fil. #344).

On April 1, 2008, Debtors filed their Second Emergency Motion to Assume Lease or Executory Contract (Fil. #378). As part of that motion, Debtors identified 12 leases to be assumed on Group Exhibit 1.

### *Discussion*

Debtors' second amended emergency motion to assume leases was untimely. As indicated previously, the last date for Debtors to assume the leases under 11 U.S.C. § 365(d)(4) was March 28, 2008. Debtors took the position that this Court granted a two-week extension (to April 11, 2008) during the hearing on March 19, 2008. That is not an accurate statement.

This Court has taken the opportunity to review the digital audio recording of the hearing of March 19, 2008. The issue of an extension was certainly discussed. In fact, Debtors had requested a 90-day extension in their first motion to assume leases. That request was specifically denied. Further discussion did ensue regarding a two-week extension to April 11, 2008. At the hearing, numerous parties raised objections to the granting of that extension. It is understandable that Debtors may have had some initial confusion as to whether or not the two-week extension was granted. However, this Court made it clear that it wanted Debtors to file an amended motion to assume leases as there was still time to do so after the March 19, 2008, hearing. Specifically, this Court asked that Debtors specify in their amended motion whether the landlords of the leases to be assumed, none of whom were represented at the hearing, had any objection to the extension of the time period to assume their leases.

As it turned out, Debtors failed to promptly file their second motion to assume leases. It was not filed until April 1, 2008, which was three days past the March 28, 2008, 120-day deadline. By filing the second emergency motion to assume leases past the 120-day deadline of 11 U.S.C. § 365(d)(4), there was no way to provide Debtors, within that 120-day period, with an extension of time to perform the assumption.

Further, a docket entry was made on the CM/ECF system providing written notice of this Court's Orders on March 19, 2008. That docket entry (Fil. #344) specifically provided that Debtors' motion was granted as to certain leases to be rejected, and "[t]he balance of the motion is denied without prejudice to Debtors filing an amended motion." If Debtors still had a question as to whether an extension of time was granted, it should have been clear from the docket entry that it was not granted. Debtors' motion was filed after the 120-day assumption period had expired. Thus, Debtors' motion is untimely.

Even if Debtors were justified in thinking that an extension had been granted, Debtors failed to put on evidence as to the assumability of the leases. This Court has on several occasions raised with Debtors the question as to whether, for many of the leases, there is anything to "assume." Specifically, 10 of the 12 leases are identified as "1 year" leases. Another is identified as a "year to year Oral" lease, and the final one is a group of multi-year leases. At the March 19, 2008, hearing, numerous parties raised the issue of whether the one-year leases are "term" leases that have expired. If the leases have expired, there is arguably no benefit to the bankruptcy estate to assume those leases. In fact, the parties argue that there is a detriment to the estate in that if the expired term leases are assumed, pre-petition lease defaults may be raised from unsecured claims to administrative claim status.

As a result, during the March 19, 2008, hearing Debtors were specifically informed that any further hearing on assumption of leases would need to include consideration of the issue of whether there is anything left to assume with respect to many of the 12 leases. Unfortunately, at the April 9, 2008, hearing on Debtors' second emergency motion for assumption of leases, Debtors failed to present any evidence, other than Group Exhibit 1, as to the terms of the leases. In particular, no evidence was offered or admitted with respect to whether there is anything left with respect to the leases to be assumed.

Finally, at the present time, Debtors do not have the authority to use any cash collateral to cure any 2007 lease defaults. Also, it is difficult to determine whether the bankruptcy estate would be benefitted or burdened by the assumption of these leases. For example, at least seven of the 12 leases Debtors desire to assume show that all amounts due for calendar 2007 have been paid in full. One of the leases is with a related entity, and another lease shows a large balance due for 2007, which apparently has been redeemed on behalf of Debtors by a third party. Thus, for the most part, the denial of Debtors' request to assume certain leases does not necessarily prevent Debtors from continuing to lease many of those parcels of land in the ordinary course of business in 2008.

IT IS, THEREFORE, ORDERED that Debtors' Second Emergency Motion to Assume Lease or Executory Contract (Fil. #378) is denied.

DATED: April 10, 2008.

BY THE COURT:

/s/ Thomas L. Saladino
United States Bankruptcy Judge

Notice given by the Court to:
- *William L. Needler
- John M. Guthery
- Richard P. Garden
- Wayne E. Griffin
- Jeffrey P. Galyen
- Barry D. Geweke
- James Widtfeldt
- Tim W. Thompson
- Daniel A. Fullner
- Howard T. Duncan

Movant (*) is responsible for giving notice to other parties if required by rule or statute.