## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK07-42271-TLS |
| | ) | |
| GARY M. BURIVAL and | ) | CH. 11 |
| JOYCE BURIVAL, | ) | |
| | ) | |
| _____Debtors._____ | ) | |
| IN THE MATTER OF: | ) | CASE NO. BK07-42273-TLS |
| | ) | |
| RICHARD BURIVAL and | ) | CH. 11 |
| PHILLIP BURIVAL, d/b/a | ) | |
| Burival Brother, a partnership, | ) | |
| | ) | **JOINTLY ADMINISTERED** |
| Debtors. | ) | |

### ORDER

Hearing was held in Lincoln, Nebraska, on February 25, 2009, on a Joint Motion to Appoint a Trustee filed by the Committee of Unsecured Creditors, Galyen Petroleum Company, and O'Neill Fertilizer, Inc. (Fil. #950), joinders therein by First Dakota National Bank (Fil. #967), Pinnacle Bank of O'Neill (Fil. #968), AgStar Financial Services ACA (Fil. #972), and James R. Maly (Fil. #975), and Debtors' Resistance (Fil. #977).

The following persons participated in the hearing :

> William L. Needler on behalf of Debtors in each case
> John M. Guthery on behalf of the Committee of Unsecured Creditors
> Wayne E. Griffin on behalf of James R. Maly
> Tim W. Thompson on behalf of First Dakota National Bank
> Richard P. Garden, Jr. on behalf of O'Neill Fertilizer, Inc.
> Jeffrey P. Galyen on behalf of Galyen Petroleum Company
> Jerry L. Jensen on behalf of the United States Trustee
> Joel G. Lonowski on behalf of Pinnacle Bank of O'Neill
> Michael S. Dove on behalf of AgStar Financial Services ACA
> Trev Peterson on behalf of Donald and Linda Conway
> Donald G. Furlow on behalf of CNH Capital America LLC
> Gary Burival

Evidence was received, and the Court took judicial notice of the schedules, proofs of claim, and the pending motions and objections, as well as all other motions and pleadings.

The moving parties are seeking appointment of a trustee pursuant to 11 U.S.C. § 1104(a). Virtually every creditor who has taken an active role in this case has joined in and supports the

motion, whether formally or informally.  The United States Trustee also expressed support for the motion.

In resisting the motion, Debtors acknowledge that they have not been able to secure any financing for 2009 farming operations and have accepted the need to liquidate their assets.  In fact, on February 25, 2009, the same day as the hearing, Debtors filed an Amended Chapter 11 Plan (Fil. #989) which in essence provides that Debtors will sell all of their assets using motions under § 363 of the Bankruptcy Code.  That "plan" does not include any time-line or proposed procedures.  At the hearing, counsel for Debtors represented that Debtors have identified a proposed purchaser for a portion (approximately one-third) of Debtors' real estate who would be a likely "stalking horse" bidder.  Counsel acknowledged that Debtors would need to meet with their advisor, Rick Gruenich, to discuss the manner in which the real estate would be sold, the manner in which equipment would be sold and/or abandoned, etc.  Counsel also represented that he would file motions for sale or abandonment of all the estate assets by March 6, 2009.

The moving parties and those supporting the motion essentially found the representations made by counsel to be too little, too late.

11 U.S.C. § 1104(a) provides as follows:

(a)    At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee –

(1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor;

(2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or

(3) if grounds exist to convert or dismiss the case under section 1112, but the court determines that the appointment of a trustee or an examiner is in the best interests of creditors and the estate.

Each of the creditors appearing at the hearing made a compelling argument for appointment of a trustee under § 1104.  In fact, cause for appointment of a trustee under any or all three subsections of § 1104(a) has been established.  Specifically, under subsection (1) the court "shall" order the appointment of a trustee "for cause . . . or gross mismanagement of the affairs of the debtor by current management ."  The cause asserted by the moving party includes a lack of confidence by the creditors in Debtors' ability to manage the estate.  The fact that virtually every creditor that had been active in this bankruptcy supports the motion to appoint a trustee is evidence that cause exists to appoint a trustee.  Further, by Debtors' own admission, their 2008 crop is estimated to be worth

only $1,500,000.00 against which $2,500,000.00 was loaned by First Dakota National Bank. The 2008 crop value ended up being millions of dollars below the projections made by Debtors and their financial expert. That 2008 "loss" will cause the bank to rely on its cross-collateralization with its real estate loan.

The creditors have also identified failure to lock in grain prices for the 2008 crop as evidence of Debtors' management errors and poor financial projections. Evidence was presented that for many if not most farmers, 2008 was a year of record profits. In addition, a review of the docket shows that administrative expenses have been incurred in this case at an alarming rate, many of which remain unpaid.

The second basis for appointment of a trustee under § 1104(a)(2) is if the appointment is in the best interests of creditors. As previously discussed, virtually all of the creditors actively involved in this case, the Unsecured Creditors Committee, and the United States Trustee support this motion. There is no doubt that the creditor group has no confidence in Debtors' ability to protect the interests of the creditors. The 2009 planting season is just around the corner, and Debtors acknowledge that planting should be done in April. If the land is to be put to use by a buyer in 2009, it needs to be sold in the very near future. Time is of the essence.

The third basis for appointment of a trustee under § 1104(a) is if grounds exist to convert or dismiss the case under § 1112 but the court determines that the appointment of a trustee is in the best interests of creditors. Cause for conversion or dismissal of a case under § 1112 is defined to include a number of different factors such as substantial or continuing loss to or diminution of the estate along with the absence of a reasonable likelihood of rehabilitation, gross mismanagement of the estate, failure to comply with court orders, unexcused failure to timely satisfy reporting requirements, etc. Many of those are the same factors discussed above. In addition, a review of the docket will show Debtors' repeated inability to meet filing deadlines, repeated requests for extensions of time, and virtually every motion or request filed by Debtors is identified as an "emergency" and accompanied by a motion for shortened time. In most cases, the "emergency" was created by their own inaction. Most recently, Debtors failed to file their November and December operating reports until February 24, 2009, one day before the hearing on the motion to appoint a trustee, and after the failure to do so was raised as cause for appointment of a trustee. The January operating report still has not been filed.

For all the foregoing reasons, it appears clear that cause exists for appointment of a trustee under each of the three subsections of 11 U.S.C. § 1104(a) and the motion should be granted. Despite the offer of counsel for Debtors to file sale motions by March 6, 2009, no evidence was presented which gives the creditors or this Court confidence that such sale motions could actually be filed, or if they are filed, that the motions and/or procedures therein would not be objectionable. Debtors have been in this Chapter 11 proceeding for over one year, including one full crop season. Debtors' management of the estate and the operating results have resulted in continuing operating losses, hundreds of thousands of dollars of unpaid administrative expenses, erosion of confidence, an inability to obtain financing, and a substantial overall erosion in value of the estate from the time of commencement until the present date (*see* Affidavits at Filings #962, #964, #986, #987, and #990,

among others).  With planting season just around the corner, prompt action needs to be taken to sell the assets in order to maximize the value of the estate.

Procedurally, the next step is for the United States Trustee to convene appropriate proceedings with interested parties to select a trustee.  When a trustee is selected, the United States Trustee or the moving parties will typically file an application for an order approving the appointment.  The parties involved in such an appointment should be aware that in light of the financial position of this estate, this Court will not authorize the appointment unless the application represents that all creditors secured by any assets to be sold by the trustee have agreed that the fees of the trustee and expenses of sale can be surcharged against the first proceeds of each sale.  Alternatively, the creditors and the trustee can agree to some other method of compensation that is agreeable to all parties.

IT IS, THEREFORE, ORDERED that the Joint Motion to Appoint a Trustee (Fil. #950) is granted.

DATED:  February 26, 2009.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
        William L. Needler
        *John M. Guthery
        Wayne E. Griffin
        Tim W. Thompson
        *Richard P. Garden, Jr.
        *Jeffrey P. Galyen
        Jerry L. Jensen
        Joel G. Lonowski
        Michael S. Dove
        Trev Peterson
        Donald G. Furlow

Movant(*) is responsible for giving notice to other parties if required by rule or statute.