IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK07-42271-TLS |
| | ) | |
| GARY M. BURIVAL and JOYCE BURIVAL, | ) | CH. 11 |
| | ) | |
| Debtors. | ) | |
| IN THE MATTER OF: | ) | CASE NO. BK07-42273-TLS |
| | ) | |
| RICHARD BURIVAL & PHILLIP BURIVAL, | ) | CH. 11 |
| d/b/a Burival Brothers, a partnership, | ) | |
| | ) | JOINTLY ADMINISTERED |
| Debtors. | ) | |

### ORDER

This matter is before the court on two applications for allowance of compensation and reimbursement as an administrative expense priority claim by the estate of Rosie Pritchett (Fil. Nos. 1518 and 1522), and resistances by the Chapter 11 trustee (Fil. Nos. 1546 and 1547). Hearing was held on October 6, 2010. Benjamin E. Moore appeared for Chapter 11 trustee Rick Lange; William L. Needler appeared for the debtors; Jerry Jensen appeared for the U.S. Trustee; and Erin R. Harris appeared for Lorraine Wabs, personal representative of the estate of Rosie Pritchett. The parties submitted post-hearing briefs and the matter is now ready for decision.

The applications are denied.

The debtors signed a three-year lease with Rosie Pritchett on March 23, 2007, for crop land. The lease required two payments, $75,329.78 on April 1 and $90,799.22 on December 1. Two days before the second installment of the rent payment was due, the debtors filed Chapter 11 bankruptcy. The debtors rejected the lease on March 19, 2008. Ms. Pritchett then filed a claim for an administrative expense of $90,799.22 for the December payment, under 11 U.S.C. § 365(d)(3), plus attorney fees and costs. On appeal, the Eighth Circuit Court of Appeals ruled that the full amount of the post-petition, pre-rejection rent obligation of $90,799.22 was an administrative expense claim owed to Ms. Pritchett, along with interest and pre-rejection attorneys' fees.

The personal representative of Ms. Pritchett's estate has now moved for allowance of an administrative expense claim for reimbursement of $24,681.90 for attorney fees and costs incurred between July 21, 2008, and March 10, 2010, in connection with the appeals to the Bankruptcy Appellate Panel and the Eighth Circuit Court of Appeals. The movant takes the position that 11 U.S.C. § 365(d)(3), which directs that all obligations of a debtor arising under an unexpired lease of nonresidential real property are to be timely performed until the lease is assumed or rejected, is broad enough to cover expenses flowing from efforts to obtain compliance with that section. The lease also contains language regarding the debtors' indemnification of the landlord's claims, including costs and expenses, resulting from the debtors' failure to perform.

The trustee objects, arguing that the plain language of § 365(d)(3) requires performance of all lease obligations *until* assumption or rejection, so any claim for post-rejection expenses should be disallowed. Moreover, the attorney fee obligation is separate and distinct from, and should not relate back to, the rent obligation, according to the trustee. The trustee also asserts that the attorney fee provision of the lease is unenforceable in Nebraska and against public policy.

Obligations other than rent, including attorneys' fees and other charges, may be allowed as part of the landlord's claim if state law and the lease so provide. *See In re Exch. Res., Inc.*, 214 B.R. 366 (Bankr. D. Minn. 1997); *In re Beltway Med., Inc.*, 358 B.R. 448 (Bankr. S.D. Fla. 2006); *In re Geonex Corp.*, 258 B.R. 336 (Bankr. D. Md. 2001). The Burival-Pritchett lease does contain such a provision:

> 10. Indemnity By LESSEE. . . . .
> LESSEE shall further indemnify LESSOR against all claims and liabilities of every kind, by or on behalf of any person or entity, including LESSEE, arising out of (1) failure by LESSEE to perform any of the terms and condition of this Farm Lease . . . .
> This indemnity specifically covers any cost or expense incurred by LESSOR in the defense of any claim including reasonable attorney's fees and the costs associated therewith.

Farm Lease Agreement, ¶ 10 (Fil. No. 166).

However, the trustee points out that contrary to the state law in Minnesota and elsewhere, Nebraska does not recognize an exception to the "American rule" for contractual arrangements for attorneys' fees. The Nebraska Supreme Court "has repeatedly held that in the absence of a uniform course of procedure or authorization by statute, contractual agreements for attorney fees are against public policy and will not be judicially enforced." *Stewart v. Bennett*, 727 N.W.2d 424, 429 (Neb. 2007).

While the trustee's argument is certainly an accurate statement of Nebraska law, it is not necessary for this court to decide at this time whether state law controls in determining the amount to be awarded as an administrative claim due to a debtor's failure to comply with 11 U.S.C. § 365(d)(3). Specifically, the obligation to pay the requested attorneys' fees did not arise until after the rejection of the lease. Section 365(d)(3) clearly applies only until assumption or rejection. *See Cukierman v. Uecker (In re Cukierman)*, 265 F.3d 846 (9th Cir. 2001):

> Section 365(d)(3) applies only to obligations that arise under a lease "until [it] is assumed or rejected." According to the provision for the payment of attorney's fees in the lease in this case, there was no obligation to pay fees at the time the lease was rejected. As of that time, no action or proceeding had been brought to enforce the terms of the lease or to declare the parties' respective rights, and no judgment had been entered determining who was the prevailing party and fixing the amount of

attorney's fees, all of which, according to the lease, are pre-conditions to the obligation to pay attorney's fees.

The reported cases in which attorney's fees were accorded administrative priority under § 365(d)(3) involved lease agreements under which the delinquent lessee was obligated to pay the lessor's attorney's fees on demand as the fees were incurred. *See In re Exchange Resources, Inc.*, 214 B.R. 366, 369-70 (Bankr. D. Minn. 1997); *In re Pacific Sea Farms, Inc.*, 134 B.R. 11, 15-16 (Bankr. D. Haw. 1991); *In re Revco D.S., Inc.*, 109 B.R. 264, 273 (Bankr. N.D. Ohio 1989). The lease agreement in this case is different.

265 F.3d at 852.

Here, the landlord's efforts on appeal to collect the rent due were incurred after the debtors rejected the lease. While the fees and costs of those collection efforts flow from the debtors' failure to timely fulfill the lease obligations, they do not come within the bounds of § 365(d)(3). Accordingly, the fee requests will be denied.

IT IS ORDERED: The two applications for allowance of compensation and reimbursement as an administrative expense priority claim by the estate of Rosie Pritchett (Fil. Nos. 1518 and 1522) are denied.

DATED: November 24, 2010.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    Benjamin E. Moore
    Rick D. Lange
    *Erin R. Harris
    William L. Needler
    United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.